IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


LARRY D. WILLIAMS                                                         PLAINTIFF

                    v.                    Civil No.   4:15-cv-04064

DR. ROBERT BOWERS, Wadley
Regional Medical Center; and
SHERIFF RON STOVALL, Miller
County, Arkansas                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Larry Williams, pursuant to 42 U.S.C. §

1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2015), the Honorable Susan O.

Hickey, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.

The case is before me for a determination of whether service of process should issue.  For

the reasons stated below, it is my recommendation that the claims against Dr. Robert Bowers be

dismissed.

### 1.  Background

According to the allegations of the Complaint (ECF No. 1), the Plaintiff fell down a flight of

stairs at the Miller County Detention Facility on September 5, 2014.  Plaintiff states he suffered

temporary paralysis, or numbness throughout his body, as well as having his right toe cut open and

bleeding.

Plaintiff was transported by ambulance to the emergency room where he was seen by Dr. Robert

Bowers, an employee of Wadley Regional Medical Center.  Plaintiff was later discharged to return to

-1-

the jail.

Plaintiff alleges Dr. Bowers discharged him without providing him with adequate medical treatment and while he was still injured. Plaintiff states Dr. Bowers became angry with him and said he was "full of b___ s___." Although Plaintiff states he informed Dr. Bowers that he was legally disabled due to physical and mental disorders, Dr. Bowers still "viciously" discharged him to the jail even though he was still bleeding. Plaintiff asserts Dr. Bowers attempted to minimize, alter, or deny the extent of the Plaintiff's injuries.

With respect to Sheriff Stovall, Plaintiff alleges he allowed the Plaintiff to be placed in isolation in lock-down status in retaliation for having fallen down the stairs. From September 5, 2015, through March 13, 2015, Plaintiff alleges Sheriff Stovall denied all requests for help from the Plaintiff including his requests for medical treatment. Furthermore, Plaintiff states the Sheriff had the bill from the visit to the emergency room charged to the Plaintiff.

To date, Plaintiff states he suffers back and neck pain and has almost constant headaches. Plaintiff also alleges he sometimes has frightening nightmares. As relief, Plaintiff seeks compensatory and punitive damages.

**2.  Discussion**

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does

not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Dr. Bowers is a private physician who was not employed by the Miller County Sheriff's Office. In this case, Plaintiff has alleged only that he was treated by Dr. Bowers at the emergency room. Dr. Bowers did not act pursuant to a contract with Miller County and Miller County had no control, or responsibility, for Dr. Bowers' actions. Dr. Bowers did not act under color of law. *Cf. West v. Atkins*, 487 U.S. 42 (1988)(physician acting pursuant to a contract with the state to provide medical services acted under color of state law); *see Pino v. Higgs*, 75 F.3d 1461, 1466-67 (10th Cir. 1996)(private emergency room physician not acting under color of state law for purposes of § 1983 when he examined, detained, and certified plaintiff for transport under state commitment statute); *Dixon v. Baptist South Medical Hosp.*, No. 2:07-cv-662, 2010 WL 431186, *7 (M.D. Ala. Feb. 1,

2010)("The vast majority of federal courts agree that treatment by a non-contract private physician, nurse or hospital upon referral or on an emergency basis does not satisfy the requirements of state action").

### 3.  Conclusion

Accordingly, I recommend that the claims against Dr. Robert Bowers be **DISMISSED**.  By separate order, the Complaint will be served on Sheriff Stovall.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this 21st day of October 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE