IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


LARRY D. WILLIAMS                                                                            PLAINTIFF

vs.                             Civil No. 4:15-cv-04064-SOH-BAB

SHERIFF RON STOVALL                                                                       DEFENDANTS


## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Larry D. Williams pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss.  ECF No. 45.  After careful consideration, the Court makes the following Report and Recommendation.

### BACKGROUND

Plaintiff filed his Complaint on July 20, 2015.  ECF No. 1.  In an Order dated the same day, Plaintiff was advised failure to keep the Court informed of his current address would result in summary dismissal of this case.  ECF No. 3.  On October 21, 2015, I entered a Report and Recommendation (ECF No. 7) dismissing the claims against Defendant Dr. Robert Bowers.  Plaintiff objected to this Report and Recommendation on November 16, 2015 (ECF No. 10).  On January 8, 2016, the Honorable Susan O. Hickey adopted the Report and Recommendation dismissing the claims against Defendant Bowers *in toto*.  ECF No. 12.  Plaintiff filed his Notice of Appeal with the Eighth Circuit on January 21, 2016.  ECF No. 14.  On March 9, 2016, I issued an

Order staying all proceedings in the case pending resolution of Plaintiff's appeal. ECF No. 30. On April 12, 2016 the Eighth Circuit Court of Appeals dismissed Plaintiff's appeal. ECF No. 31.

An Initial Scheduling Order (ECF No. 33) was entered on June 8, 2016 and sent to Plaintiff at his address of record at the Arkansas Department of Correction – Tucker Unit, P.O. Box 240, Tucker, AR 72168-0240. It was returned as undeliverable. ECF No. 34. On August 10, 2016, I issued an Order to Show Cause to Plaintiff why he failed to keep the Court informed of his current address. ECF No. 39. Plaintiff never responded to this Order. The Court on its own initiative located Plaintiff's current address and mailed the Order to Show Cause to 281 Pleasant Valley Road, Texarkana, AR 71854. Mail sent to the new address was not returned as undeliverable. Again, Plaintiff did not respond.

On October 17, 2016, Defendants moved to continue the scheduling order deadline for filing their Motion for Summary Judgment. ECF No. 42. On October 18, 2016, I granted Defendants' Motion to Continue and reset the motion for summary judgment deadline for November 15, 2016. ECF No. 43. In a separate order issued the same day, I ordered Plaintiff to communicate with the Court regarding his intention to proceed with the case no later than October 28, 2016. ECF No. 44. The Orders were sent to Plaintiff's Texarkana, Arkansas address located by the Court and they were not returned as undeliverable. The Court has not received any communication from Plaintiff since February 18, 2016. ECF No. 25.

**APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress

>of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff failed to comply with this Court's order to show cause regarding his failure to keep the Court informed of his address (ECF No. 39) and failed to respond to the Order to Communicate (ECF No. 44) with the Court. Plaintiff has not contacted the Court since February 18, 2016 and has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Orders, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 45) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 6th day of December 2016**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
